**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Song Yu,<br><br>            Plaintiff,<br><br>v.<br><br>Xiao Zhang, et al.,<br><br>            Defendants. | No. CV-17-03294-PHX-DLR<br><br>**ORDER** |

Before the Court is Plaintiff Song Yu's Application for Preliminary Injunction. (Doc. 2.)  The Court has reviewed Plaintiff's amended complaint (Doc. 11) and Application for Temporary Restraining Order and Preliminary Injunction (Doc. 2), and considered the arguments made by Plaintiff's counsel during the October 26, 2017 hearing.  For the reasons stated below, the Court grants Plaintiff's preliminary injunction application.

**I. Background**

Plaintiff, a "domain name investor" operating e-commerce websites, was the victim of computer hackers.  (Doc. 3 ¶ 3.)  In September 2017, Defendants secretly installed spying software on Plaintiff's personal computer that provided covert and remote access to the device.  (¶ 10.)  Using key-logging software, Defendants also accessed Plaintiff's personal email and domain name accounts.  (¶¶ 10-11.)  On September 16, 2017, Defendants seized Plaintiff's email and domain name accounts,

changing account passwords and access settings so as to exclude Plaintiff from further use.  (¶¶ 10-15.)   Defendants then crashed Plaintiff's websites and online business, replacing Plaintiff's websites with their own.  (¶¶ 8, 15.)  Plaintiff's efforts to regain control over his email and domain name accounts were unsuccessful.  (¶ 14.)

On September 22, 2017, Plaintiff filed suit in this Court, asserting six claims: (1) violation of the Wiretap Act, 18 U.S.C. § 2511; (2) violation of the Stored Communications Act, 18 U.S.C. § 2701; (3) trespass to chattels; (4) conversion; (5) a request for a declaratory judgment; and (6) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g).  (Doc. 11.)  Plaintiff simultaneously filed a motion for an *ex parte* temporary restraining order (TRO) and preliminary injunction, seeking a court order enjoining Defendants from, *inter alia*, continued conversion of Plaintiff's domain names and unlawful use of Plaintiff's email address.  (Doc. 2 at 2.)  On September 28, 2017, the Court issued a TRO (Doc. 17), which it amended on October 6, 2017 (Doc. 25). The Court held a hearing on Plaintiff's preliminary injunction request on October 26, 2017, after which it took the matter under advisement.  Defendants were not present at the hearing, and have failed to appear or otherwise litigate this matter.

**II.  Legal Standard**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.  These elements may be balanced on a sliding scale, whereby a stronger showing of one element may offset a weaker showing of another. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1134-35 (9th Cir. 2011).  However, the sliding-scale approach does not relieve the movant of the burden to satisfy all four prongs for the issuance of a preliminary injunction. *Id.* at 1135.  Instead, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a

preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135. The movant bears the burden of proof on each element of the test. *Envt'l. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

**III. Discussion**

The Court has no difficulty concluding that Plaintiff has carried his burden on all four prongs of the preliminary injunction test. First, Plaintiff moves for a preliminary injunction based on the conversion of his domain names. (Doc. 2 at 4-7, 11.) In order to establish a claim for conversion, Plaintiff must show "ownership or right to possession of property, wrongful disposition of the property and damages." *Kremen v. Cohen*, 337 F.3d 1024, 1029 (9th Cir. 2003). Plaintiff filed a declaration asserting his ownership over the domain names and e-mail accounts at issue, and attesting to their wrongful disposition. (Doc. 3 ¶¶ 3-20.) In further support, Plaintiff submitted exhibits from domain name registrars showing that Plaintiff not only paid for the registration and renewal of each domain name, but also that Defendants transferred the domain names into their possession. (*Id.* at 5-45.) Plaintiff also has shown injury, specifically the loss of the domain names, his ability to conduct business, and the likely loss of goodwill.

Second, in the absence of a preliminary injunction, Plaintiff is unable to continue to operate his businesses. (¶¶ 5, 8.) What is more, the goodwill he has developed with existing customers and advertisers likely will be irreparably harmed. *Id.*; *see also Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3 832, 841 (9th Cir. 2001) (noting that the "loss of prospective customers or goodwill certainly supports a finding . . . of irreparable harm"); *ET Trading, Ltd v. ClearPlex Direct, LLC*, No. 15-CV-416-LHK, 2015 WL 913911, at *4 (N.D. Cal. Mar. 2, 2015) (noting that threatened loss of prospective customers or goodwill remains a valid basis for finding irreparable harm after *Winter*).

The balance of hardships also tips sharply in Plaintiff's favor. As discussed, Plaintiff is being deprived of the ability to operate his e-commerce business and his

businesses' goodwill is being damaged.  (Doc. 3 ¶¶ 5, 8.)  In contrast, the only hardship Defendants will experience is being deprived of their ability to continue their unauthorized use of Plaintiff's accounts.  Finally, issuing the injunction is in the public interest because, without it, current and prospective customers will be using compromised websites where their personal information can be stolen.  Accordingly,

**IT IS ORDERED** that Plaintiff's Application for Preliminary Injunction Order (Doc. 2) is **GRANTED** as follows:

1. The temporary restraining order entered by this Court on September 26, 2017, and amended on October 6, 2017, is converted into a preliminary injunction.

2. Defendants; their officers, directors, employees, agents, subsidiaries, distributors and all persons in active concert or participation having notice of this Order; and those with actual notice of this Order, including any domain name registrars, domain name registries or their administrators, shall take the following steps to prevent further irreparable injury to Plaintiff and its customers:

a. record, change, transfer or assist in changing the registration of record for the Domain Names in Plaintiff's name and into an account with GoDaddy, under Plaintiff's sole control, or a domain name registrar of Plaintiff's choosing;

b. change, transfer, point or assist in pointing the DNS servers for the Domain Names to a server or servers of Plaintiff's choosing;

c. change, transfer, point or assist in pointing the MX or email servers for the Domain Names to a MX server or servers of Plaintiff's choosing; and

d. place a legal lock on the Domain Names after said transfer(s) take place.

3. Defendants and Microsoft, as the provider of Hotmail™ email services for the email addresses of bbbox123@hotmail.com and debug119@hotmail.com are directed to record, change, transfer or assist in changing the registration of record for the email addresses to Plaintiff.

4. Plaintiff shall have full access to all functionality of the Domain Names and that Defendants may not impede Plaintiff's access in any manner.

5. Pending resolution of this lawsuit or further order of this Court, Plaintiff, after receiving the Domain Names from Defendants, shall not transfer or dispose of said Domain Names, but shall retain them in order to restore same to Defendants if this Court shall ultimately determine that Defendants are the lawful owners of said Domain Names.

6. The Court further finds that there is no evidence Defendants will suffer damages as a result of entry of this Order. As such, the Court hereby exercises its discretion to waive the bond requirement.

Dated this 30th day of October, 2017.

_____
Douglas L. Rayes
United States District Judge